UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN KEMBLE | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| FREDERICK J. HANNA & ASSOCIATES | JURY TRIAL DEMANDED |
| Defendant | |

COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Kathleen Kemble, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Kathleen Kemble (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

### III.   PARTIES

4. Plaintiff, Kathleen Kemble is an adult natural person residing at 524 Iron Kettle Road, Toms River, New Jersey 08753. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Frederick J. Hanna & Associates, at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 1427 Roswell Road, Marietta, GA 30062.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. On or about August 18, 2010, Plaintiff started to receive calls from Defendant's agent, "Patrice Green", collecting on a debt allegedly owed on a Chase account.

8. Plaintiff was informed that she owed the Defendant a balance of approximately $5,000.00.

9. Defendant's agent, "Patrice Green", led the Plaintiff to believe that she was an attorney.

10. On that same call, Plaintiff informed the agent that she had retained the services of the law firm of Persels & Associates, LLC to help aid her in her debt negotiations and that she would need to call them directly on this matter.

11. Defendant's agent, "Patrice Green", stated that they could not work with Persels.

12. Plaintiff was told that Persels was nothing more than a scam.

13. Defendant's agent, "Patrice Green", went on to tell the Plaintiff that Persels attorneys were not real attorneys, they were not the kind that could go to court with you, they were just settlement attorneys and the Defendant would never deal with them.

14. Plaintiff was instructed by Defendant's agent, "Patrice Green", to contact Persels immediately and to let them know that as of November, 2008, Defendant was no longer "permitted" to work with firms like Persels.

15. On or about that same day, August 18, 2010, Persels sent a "cease and desist" letter to the Defendant informing them in writing to cease all further direct contact with the Plaintiff. **See Exhibit "A" (letter) attached hereto**.

16. Plaintiff continued to receive calls from Defendant and their agents demanding payment on the above mentioned account.

17. On each call, Plaintiff would ask Defendant to work with Persels, but they continually refused.

18. Plaintiff mentioned that she thought a "cease and desist" letter had been sent, Defendant's agent, "Patrice Green", replied that a letter better not have been sent because receiving a "cease and desist" letter would only result in the Defendant automatically sending this account to litigation.

19. Any and all contact with the Plaintiff after knowledge that they were being

represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

20. Defendant's agent, "Patrice Green", went on to tell the Plaintiff that failure to make payment on this debt would also lead to liens against her personal bank account.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(c): After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(5): Threaten to take any action that cannot be taken or that is not intended to be taken

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in their favor and against Frederick J. Hanna & Associates and Order the following relief:

a. Actual damages;

    b.      Statutory damages pursuant to 15 U.S.C. §1692k;

    c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

    d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: September 20, 2010**    **BY: /s/Bruce K. Warren**
Bruce K. Warren, Esquire

**BY: /s/Brent F. Vullings**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff